UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONTRAIL MONIQUE LATHAM,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>COWLITZ COUNTY,<br><br>　　　　　　　　　　Respondent. | No. C15-5462 RBL-KLS<br><br>ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND HABEAS PETITION |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. On July 6, 2015, Petitioner Dontrail Monique Latham filed a proposed petition for writ of habeas corpus. Dkt. 1. On August 31, 2015, Petitioner filed an application to proceed *in forma pauperis* (IFP). Dkt. 4. The IFP application was granted under separate Order. The Court has reviewed Mr. Latham's petition and has determined that it will not direct service of the petition because it appears that he has not yet exhausted his state court judicial remedies.

In his petition, Mr. Latham seeks to challenge his 2012 convictions. Mr. Latham states that he appealed his judgment of convictions in the Washington Court of Appeals and on September 3, 2014, his appeal was denied. He also states that he did not seek further review in the Washington Supreme Court. Dkt. 1, at 2.

ORDER - 1

Mr. Latham is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). Mr. Latham's petition does not indicate that he has satisfied the exhaustion requirement. Therefore, his petition is subject to dismissal without prejudice.

The Court's form § 2254 petition instructed Mr. Latham that he must state every ground on which he claims he is being held in violation of the Constitution and for each ground, he must state the specific facts that support his claim. Dkt. 1, p. 5. He has failed to do so. This information must be provided before the Court will serve any habeas petition.

Finally, Mr. Latham names Cowlitz County as the Respondent in his habeas petition. Dkt. 1. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his petition, Mr. Latham is currently confined at the Clallam Bay Corrections Center (CBCC). The Superintendent of the CBCC is Ron Haynes and therefore, Mr. Haynes is the appropriate respondent.

Accordingly, the Court shall not serve the petition. Mr. Latham shall file by no later than **October 9, 2015**, an amended petition under 28 U.S.C. § 2254 setting the factual basis for his

ORDER - 2

grounds for relief, showing that his grounds for federal relief have been properly exhausted in state court, naming the proper respondent, and otherwise showing cause why this matter should not be dismissed. The Clerk shall send a copy of this Order to Mr. Latham and the Court's form petition for 28 U.S.C. § 2254 petitions.

**DATED** this 11th day of September, 2015.

                                               Karen L. Strombom
                                               United States Magistrate Judge

ORDER - 3