UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONTRAIL MONIQUE LATHAM,<br><br>                              Petitioner,<br>    v.<br><br>COWLITZ COUNTY,<br><br>                              Respondent. | No. C15-5462 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: November 6, 2015** |

Petitioner Dontrail Monique Latham, proceeding pro se and *in forma pauperis,* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Mr. Latham seeks to challenge his 2012 convictions. Dkt. 7. Mr. Latham states that he appealed his judgment of convictions in the Washington Court of Appeals and on September 3, 2014, his appeal was denied. He also states that he did not seek further review in the Washington Supreme Court. *Id.*, at 2. The Court granted him leave to file an amended complaint to set forth his grounds for relief and to clarify whether he has satisfied the exhaustion requirement. Dkt. 8. Mr. Latham has failed to file an amended complaint or respond in any way to the Court's order.

      The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state judicial remedies.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Mr. Latham was advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). Mr. Latham's petition does not indicate that he has satisfied the exhaustion requirement. Therefore, his petition is subject to dismissal without prejudice.

The Court's form § 2254 petition instructed Mr. Latham that he must state every ground on which he claims he is being held in violation of the Constitution and for each ground, he must state the specific facts that support his claim. Dkt. 7, p. 5. The Court provided Mr. Latham with the appropriate form and instructions to this effect, but he did not file an amended petition.

Finally, Mr. Latham names Cowlitz County as the Respondent in his habeas petition. Dkt. 7. Mr. Latham was advised that the proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his petition, Mr. Latham is currently confined at the Clallam Bay Corrections Center (CBCC). The Superintendent of the CBCC is Ron Haynes and therefore, Mr. Haynes is the appropriate respondent.

REPORT AND RECOMMENDATION - 2

## CONCLUSION

The undersigned recommends that the petition (Dkt. 1) be **dismissed without prejudice** to the filing of a federal habeas petition after Mr. Latham has exhausted his state judicial remedies. An evidentiary hearing is unnecessary. The Court also recommends **DENYING** issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 6, 2015**, as noted in the caption.

**DATED** this 22nd day of October, 2015.

Karen L. Strombom
United States Magistrate Judge